Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff TAMARA M. HOFFMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA M. HOFFMAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> HUNT & HENRIQUES, a California law partnership; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> **1) THE FAIR DEBT COLLECTION PRACTICES ACT,** <br><br> **AND** <br><br> **2) THE ROSENTHAL ACT.** <br><br> **DEMAND FOR JURY TRIAL.** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

///

## II. THE PARTIES.

3. The plaintiff, TAMARA M. HOFFMAN ("Plaintiff"), is a natural person. At all relevant times, she resided in the county of Los Angeles, California.

4. Defendant HUNT & HENRIQUES (hereinafter "HH"), is, and at all times relevant herein was, a California law corporation with its principal place of business at 151 Bernal Road, Suite B, San Jose, California 95119.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, obtained two credit cards for personal, family, and/or household use. Disputes arose between Plaintiff and the credit card companies. Plaintiff disputed certain charges directly with the creditors, and refused to pay the disputed balances. Without ever meaningfully addressing Plaintiff's

disputes, after the alleged defaults, the creditors contracted with HH to collect the alleged debts.

9. Handling each disputed account separately, HH wrote demand letters to Plaintiff – on or around July 21, 2015 (relating to an account ending in the numbers 6504), and on or around July 29, 2015 (relating to an account ending in the numbers 9258). HH's dunning letters stated in part, "This communication is from a debt collector. This letter is an attempt to collect a debt and any information obtained may be used for that purpose" – or other language closely synonymous therewith.

10. On upon receipt of the demand letters, Plaintiff wrote back to HH, indicating that she had repeatedly disputed the debt with the original creditor, that she refused to pay the debt, and demanding that HH refrain from further communication with her regarding the debt. Plaintiff mailed the cease communication letter by certified mail, return receipt requested. Plaintiff's own letters were dated July 28, 2015 (relating to account 6504) and August 13, 2015 (relating to account 9258).

11. HH received Plaintiff's cease communication letters shortly after they were mailed.

12. HH ignored Plaintiff's requests to cease communication regarding the debt. On August 11, 2015 (relating to account 6504) and August 19, 2015 (relating to account 9258), HH sent Plaintiff new correspondence – despite having received the prior cease communication directive.

13. HH's letters of August 11, 2015 and August 19, 2015, included the statement: "Having provided this information to you we will proceed with collection activity." The August 11, 2015, letter conceded, "The purpose of this letter is to attempt to collect a debt and any information obtained may be used for that purpose." The August 19, 2015, letter did not include any notice that the communication was from a debt collector.

14. HH's letters from August 11, 2015, and August 19, 2015, were attempts

to collect sums of money that included fees, penalties and interest not authorized by any enforceable contract or statute.

### FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against HH and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

   b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

   c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c);

   d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1); and

   e) Failing to include in subsequent communications with Plaintiff the fact that the communication is from a debt collection (as to the August 19, 2015, correspondence signed by Michael S. Hunt), in violation of 15 U.S.C. §1692e(11).

17. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

(For Violations of the Rosenthal Act Against HH and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c) and California Civil Code section 1788.17;

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17; and

e) Failing to include in subsequent communications with Plaintiff the fact that the communication is from a debt collection (as to the August 19, 2015, correspondence signed by Michael S. Hunt), in violation of 15 U.S.C. §1692e(11) and California Civil Code section 1788.17.

20. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff TAMARA M. HOFFMAN requests a trial by jury.

DATED: August 27, 2015                    Respectfully submitted,

                                          By: _____
                                          Aidan W. Butler
                                          Attorney for Plaintiff
                                          TAMARA M. HOFFMAN